IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELSO GUERRERO, | No. CV-F-06-207 REC |
| | (No. CR-F-96-5339 MDC) |
| Petitioner, | ORDER DEEMING MOTION FOR RESENTENCING TO BE MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255, DISMISSING DEEMED § 2255 MOTION AND DIRECTING ENTRY OF JUDGMENT FOR RESPONDENT |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

On February 22, 2006, petitioner Celso Guerrero filed a "Motion for Resentencing To Time Served Under 28 U.S.C. § 2201 (Creation of a Remedy) and Fed.R.Cv.P. 60(b)(6)". By this motion, petitioner request that his conviction be vacated or that he be resentenced to time served.

Petitioner was convicted by jury trial of conspiracy to manufacture, distribute and possess with intent to distribute methamphetamine, manufacture of methamphetamine, and possession of methamphetamine with intent to distribute. Petitioner was

1

sentenced on March 16, 1998 to 306 months incarceration and 60 months of supervised release. Petitioner appealed to the Ninth Circuit, which affirmed his conviction and sentence on February 3, 2000. On February 28, 2001, petitioner filed a motion for relief pursuant to Section 2255 based on <u>Apprendi v. New Jersey</u>. Petitioner's motion was denied by Order filed on October 15, 2001. By Order filed on February 4, 2002, a Certificate of Appealability was issued with regard to petitioner's claim that <u>Apprendi v. New Jersey</u> should be applied retroactively on collateral review. On May 8, 2003, the Ninth Circuit affirmed the denial of the Section 2255 motion.

In the instant motion, petitioner asserts that the motion is brought pursuant to 28 U.S.C. § 2201.[1] Petitioner asserts that he is entitled to relief pursuant to Section 2201 "because of the adverse effects on his <u>Liberty Interests</u> caused by the violation of his Fifth and Sixth Amendment rights which resulted in the 360 month sentence that was based on the PSR instead of an indictment and the jury's verdict." Petitioner further contends that he has "been injured by the deprivation of his liberty without due

---

[1]Section 2201(a) provides in pertinent part:

> In a case of actual controversy within its jurisdiction ..., any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the full force and effect of a final judgment or decree and shall be reviewable as such.

2

1  process of law, and this was the result of ineffective trial and
2  appellate counsel." Petitioner further contends that he is
3  entitled to relief because witness Cazares testified at trial to
4  the hearsay statement of John Simpson in violation of the
5  Confrontation Clause as recognized by the Supreme Court in
6  <u>Crawford v. Washington</u>, 541 U.S. 36 (2004), which has been made
7  retroactive by the Ninth Circuit in <u>Bockting v. Bayer</u>, 399 F.3d
8  1010, <u>amended on denial of rehearing</u>, 408 F.3d 1127 (9th Cir.
9  2005), <u>petition for cert. filed</u>.

10      In general, Section 2255 provides the exclusive procedural
11 mechanism by which a federal prisoner may test the legality of
12 his detention. <u>Lorentsen v. Hood</u>, 223 F.3d 950, 953 (9th Cir.
13 2000). An exception to this rule exists where a petitioner
14 demonstrates that Section 2255 relief is unavailable or
15 ineffective. However, this exception is construed very narrowly.
16 <u>Moore v. Reno</u>, 185 F.3d 1054 (9th Cir. 1999), <u>cert. denied</u>, 528
17 U.S. 1178 (2000). Section 2255's remedy is not unavailable or
18 inadequate merely because Section 2255's gatekeeping provisions
19 prevent the petitioner from filing a second or successive Section
20 2255 motion. <u>Lorentsen v. Hood</u>, <u>id</u>. A federal prisoner cannot
21 circumvent the procedural requirements of Section 2255 by looking
22 to 28 U.S.C. § 2241 or the All Writs Act. <u>See</u> <u>United States v.</u>
23 <u>Valdez-Pacheco</u>, 237 F.3d 1077 (9th Cir. 2001). In <u>Ivy v.</u>
24 <u>Pontesso</u>, 325 F.3d 1037 (9th Cir. 2003), the Ninth Circuit held
25 that a petitioner raising a claim of "actual innocence" who is
26 otherwise procedurally barred from raising that claim under

3

1  Section 2255 may seek relief pursuant to Section 2241

2          when the petitioner claims to be: (1) legally
        innocent of the crime for which he has been
3          convicted; and (2) has never had an
        'unobstructed procedural shot' at presenting
4          this claim. ... In other words, it is not
        enough that the petitioner is presently
5          barred from raising his claim of innocence my
        motion under § 2255.  He must never have had
6          the opportunity to raise it by motion.

7  325 F.3d at 1060.

8      Here, to the extent that petitioner claims he is entitled to

9  relief pursuant to Section 2201 on the ground that the sentence

10 imposed was based on the Presentence Investigation Report rather

11 than the allegations of the Indictment and the jury's verdict,

12 and that the failure to raise such claims was the result of

13 ineffective assistance of trial and appellate counsel, such

14 claims are cognizable under Section 2255 and do not constitute a

15 claim of "actual innocence".  Although petitioner cites <u>In re</u>

16 <u>Winship</u>, 397 U.S. 358 (1970) and <u>Stirone v. United States</u>, 361

17 U.S. 212 (1960), it is apparent that these claims are a

18 continuation of petitioner's previously raised claim based on

19 <u>Apprendi v. New Jersey</u>.  Petitioner contends that "<u>Winship</u> and

20 <u>Stirone</u> are a correct statement of the law at the time of

21 petitioner's trial and present no issue of retroactivity."  As

22 noted, however, petitioner's claim based on <u>Apprendi</u> was

23 dismissed, which dismissal was affirmed by the Ninth Circuit on

24 the ground that <u>Apprendi</u> is not retroactively applicable to cases

25 on collateral review.  Therefore, to the extent that petitioner's

26 motion under Section 2201 seeks relief on these grounds, the

4

1 court deems the motion to be one for relief under Section 2255.
2 Because petitioner has previously filed a Section 2255 motion,
3 petitioner's claims are raised in a second or successive Section
4 2255 motion governed by 28 U.S.C. § 2244.  Before petitioner may
5 proceed with these claims in this court, he must petition the
6 Ninth Circuit for authorization to raise them in a second or
7 successive motion.  Absent such authorization from the Ninth
8 Circuit, this court lacks jurisdiction to consider the merits of
9 the claims.  <u>United States v. Allen</u>, 157 F.3d 661, 664 (9th Cir.
10 1998).

11    Petitioner's claim that he is entitled to relief pursuant to
12 Section 2201 based on the Supreme Court's decision in <u>Crawford v.
13 Washington</u> also seeks relief cognizable under Section 2255.
14 Therefore, the court deems this claim for relief to be brought
15 pursuant to Section 2255.  Because this is a second or successive
16 Section 2255 petition,  petitioner must seek authorization from
17 the Ninth Circuit to proceed with this claim.  <u>See discussion
18 supra</u>.

19    Petitioner's motion also refers to Rule 60(b), Federal Rules
20 of Civil Procedure,[2] contending:

---

[2] Rule 60(b), Federal Rules of Civil Procedure, provides in pertinent part that a court may relieve a party from a final judgment or order because of:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or

5

> Rule 60(b) has replaced the ancient 'Writ of Error' and is a proper vehicle to address defects in habeas proceedings. In this case, petitioner is <u>ACTUALLY INNOCENT</u> of the sentence he received because that sentence was based on the PSR instead of the jury's verdict. In denying petitioner's 2255 motion, the district court said: 'In this case, the indictment did not allege the quantity of methamphetamine, nor was the jury instructed to find the quantity and purity of the controlled substance, and the sentence exceeds the 20-year maximum set out in 21 U.S.C. § 841(b)(1)(C).' On page 8 of that order the government admits that it was error to have failed to submit the questions of drug type and quantity to the jury, but contends that there was no prejudice. However, without a jury verdict on the quantity the maximum sentence should have been based on level 12 of § 2D1.1 of the Guidelines, and even if the three counts were stacked, petitioner has served that sentence.

Petitioner is not entitled to relief pursuant to Rule 60(b) from the prior Order denying his initial Section 2255 motion. As noted above, the Ninth Circuit affirmed the denial of the initial motion on the ground that <u>Apprendi v. New Jersey</u> is not retroactively applicable to cases on collateral review.

---

> extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment [or] order ... was entered or taken.

6

Therefore, petitioner's arguments for relief pursuant to Rule 60(b) are foreclosed by the Ninth Circuit's affirmance of the Order denying petitioner's initial Section 2255 motion.

ACCORDINGLY:

1. Petitioner's "Motion for Resentencing To Time Served Under 28 U.S.C. § 2201 (Creation of a Remedy) and Fed.R.Cv.P. 60(b)(6)" is deemed to be a motion for relief pursuant to 28 U.S.C. § 2255;

2. Petitioner's deemed motion for relief pursuant to 28 U.S.C. § 2255 is denied;

3. The Clerk of the Court is directed to enter judgment for respondent.

IT IS SO ORDERED.

**Dated:  March 9, 2006**             /s/ Robert E. Coyle
668554                              UNITED STATES DISTRICT JUDGE

7