# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CELSO AMBRIZ GUERRERO,<br><br>Defendant. | CASE NO. 1:96-CR-05339-(2)-LJO<br><br>MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER U.S.S.G. AMENDMENT 782<br><br>(Doc. 292) |

Before the Court is Defendant Celso Ambriz Guerrero's *pro se* motion to reduce his sentence under U.S.S.G. § 1B1.10(b)(1) and Amendment 782 ("the Amendment") to the United States Sentencing Guidelines,[1] which revised the Drug Quantity Table in § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. *See* Doc. 292. The Federal Defender's Office declined supplementing the motion. *See* Doc. 293. The Government opposes the motion on the basis that the Defendant is not eligible for a reduction under § 1B1.10. *See* Doc. 298. Upon a thorough review of the parties' briefing, the record in the case including the Probation Office's Presentence Report ("PSR"), and the relevant law, the Court will deny the motion.

//

//

---

[1] Hereinafter, all references to sections (§) refer to the United States Sentencing Commission, *Guidelines Manual* ("the Guidelines") unless otherwise indicated.

## I. BACKGROUND

Defendant pleaded not guilty to a three-count Indictment. *See* PSR ¶ 1; Doc. 56. Subsequent to a jury trial, the jury found Defendant Guerrero guilty of all charges, including violations of 21 U.S.C. §§ 841 (a)(1) and 846, Conspiracy to Manufacture, Distribute, Possess, and Possess with Intent to Distribute Methamphetamine (Count One); 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, Manufacture of Methamphetamine and Aiding and Abetting (Count Two); and, 21 U.S.C. § 841(a)(1) and 18 § U.S.C. 2, Possession With Intent to Distribute Methamphetamine and Aiding and Abetting (Count Three). *See* PSR ¶¶ 1, 45. The amount of drugs attributed to Defendant was 8.9157 kilograms of actual methamphetamine. *See* PSR ¶¶ 9-10, 14.

Accepting the PSR, the Court found that, pursuant to §2D1.1(a)(5)(iii), the Defendant's base offense level was 38 (based on the amount of methamphetamine involved in the case) and his criminal history was category III (based on 4 criminal history points). *See id.* at ¶¶ 13-14, 24-26. Pursuant to § 2D1.1(b)(1), the Court applied a firearm enhancement for a two-level increase, *see id.* at ¶ 15, and found, pursuant to § 3B1.1, a two-level increase appropriate due to Defendant's aggravating role in the offense, *see id.* at ¶¶ 13-14, for a total adjusted offense level of 42. *See id.* at ¶¶ 16, 18. The Guidelines range for a defendant with an offense level of 42 and a criminal history category III was 360 months to life imprisonment. *See id.* at 2a; U.S.S.G. Ch. 5, Pt. A; § 2D1.1. Accepting the PSR recommendation, on March 16, 1998, the Court imposed a sentence of 360 months with 60 months supervised release, and a $300 special assessment. *See* Docs. 175, 177.

## II. LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. 18 U.S.C. § 3582(c)(2); *see United States v. Dunn,* 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court may do so "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table

and chemical quantity tables across drug and chemical types. The Commission also voted to make the Amendment retroactively applicable to previously sentenced defendants. *See* U.S.S.G., sup. App'x C, amend. 788 (2014); *United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015).

Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-step inquiry." *Dunn*, 728 F.3d at 1155. At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in U.S.S.G. § 1B1.10." *Id.* That policy statement enumerates a list of amendments to the Guidelines which have lowered the sentencing ranges for certain offenses. *See* § 1B1.10(d). In the event that one of the enumerated amendments has lowered a guideline range applicable to a defendant, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) … had been in effect at the time the defendant was sentenced." § 1B1.10(b)(1).

If the answer to step one is that the defendant is eligible for a reduced sentence, the district court turns to step two of the inquiry, where the court "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case."[2] *Dunn*, 728 F.3d at 1155 (internal quotation marks and citation omitted).

**III.   DISCUSSION**

Defendant Guerrero requests a reduction in his sentence under Amendment 782, enumerated in § 1B1.10(d). Guerrero argues that under the Amendment he is entitled to a reduction in sentence and "asks that the Court reduce his sentence to 324 months." Doc. 292 at 1.

The Sentencing Commission's constraint on the Court's authority to modify a sentence informs the step-one inquiry of whether a defendant is eligible for a reduction of sentence. *Dillon*, 560 U.S. at 825-26. Section 3582 permits a reduction of sentence only where "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Pursuant to § 1131.10(a)(2)(13), "[a] reduction in the defendant's term of imprisonment is not consistent with

---

[2] The § 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *Id.* at 1158 (internal quotation marks and citation omitted).

3

this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if … an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." § 1B1.10 (a)(2)(B).

In this case, the Court does not have the authority to modify the Defendant's sentence. *Dillon*, 560 U.S. at 825-26. Although the Amendment reduces by two the base offense levels for most drug offenders, it does not lower the base offense level for defendants who possessed over 4.5 kilograms of actual methamphetamine. *See* Amendment 782, § 1B1.10. Here, it is undisputed that the amount of drugs attributed to Defendant is nearly 9 kilograms, an amount greater than the minimum set to qualify a person for the highest base offense level. PSR ¶¶ 9-10; § 2D1.1. As a result, Defendant's base offense level is unchanged at 38. The applicable sentence guideline range remains 360 months to life, the same as the previous range applicable to his case before Amendment 782 took effect. *See* PSR at 2a; Docs. 175, 177.

Because the application of the Amendment does not have the effect of lowering Defendant's applicable guideline range, § 1B1.10 (a)(2)(B) militates finding that no reduction of sentence may occur. *See, e.g., United States v. Leniear,* 574 F.3d 668, 673-74 (9th Cir. 2009) (the final sentencing range was unchanged due to the operation of the grouping rules). Therefore, the answer at step one is that Defendant does not qualify for a sentence reduction. To the extent that the movant asks the Court to reduce his sentence based on the § 3553(a) factors considered at step two, the Court declines. As the answer at step one is that the movant is not eligible for a sentence reduction, the Court does not proceed to step two. *See* § 1B1.10; *Dunn*, 728 F.3d at 1155.

**IV.     CONCLUSION AND ORDER**

The Court concludes that Defendant has no basis for seeking a reduction, thus his motion is denied. *See* § 1B1.10 (a)(2)(B); *see also United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curium) (finding a defendant ineligible for sentence reduction and denying § 3582 motion where sentencing range was unaffected by Amendment 782). Accordingly,

//

//

//

1 **IT IS HEREBY ORDERED** that Defendant Celso Ambriz Guerrero's motion to reduce his sentence (Doc. 292) is **DENIED**, pursuant to 18 U.S.C. § 3582(c)(2). The Clerk of Court is **DIRECTED** to **TERMINATE** the Defendant and **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **January 22, 2016**              **/s/ Lawrence J. O'Neill**
                                           UNITED STATES DISTRICT JUDGE