UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CELSO AMBRIZ GUERRERO,<br><br>　　　　　Defendants. | No.  1:96-cr-05339-JLT<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE<br><br>(Doc. 311) |

    Pending before the Court is Defendant Celso Ambriz Guerrero's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  The motion is largely based on Guerrero's medical condition and the risks allegedly posed to him by the ongoing coronavirus ("COVID-19") outbreak.  (Doc. 311.)  For the reasons explained below, Guerrero's motion is **DENIED**.

## BACKGROUND

    On June 24, 1997, following a jury trial, Guerrero was convicted of all charges in a three-count indictment for violations of 21 U.S.C. §§ 846 and 841(a)(1) (Conspiracy to Manufacture, Distribute, Possess, and Possess with Intent to Distribute a Controlled Substance); 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Manufacture of a Controlled Substance and Aiding and Abetting); and 21 U.S.C. §§ 841(a)(2) and 18 U.S.C. § 2 (Possession with Intent to Distribute a Controlled Substance and Aiding and Abetting).  (Docs. 131, 311.)  Guerrero's convictions stem from his

role in delivering 15 pounds of methamphetamine to a Drug Enforcement Administration confidential informant. (PSR ¶¶ 2–8.) On March 16, 1998, Guerrero was sentenced to 360 months in prison, followed by a 60-month term of supervised release, as well as a $300 special assessment. (Doc. 175.) This sentence reflected the low end of the sentencing guidelines range, which was 360 months to life. (PSR at 16–17.)

Guerrero is currently serving his sentence at McRae CI with a projected release date of August 22, 2022. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited July 11, 2022.) To date, Guerrero has served more than 300 months of his 360-month sentence. (*See* Doc. 328-1 at 3.) On March 4, 2021, Guerrero filed the pending motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 311.) The government opposed the motion, and Guerrero filed a reply. (Docs. 328, 338.)

## LEGAL STANDARD

A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."). Those limited circumstances include compassionate release in extraordinary cases. *See United States v. Holden*, 452 F. Supp. 3d 964, 968 (D. Or. 2020). Under the First Step Act of 2018 ("the FSA") imprisoned defendants may bring their own motions for compassionate release in the district court. 18 U.S.C. § 3582(c)(1)(A) (2018). In this regard, the FSA specifically provides that a court may

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf[1] or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, [] reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18

---

[1] If the BOP denies a defendant's request within 30 days of receipt of such a request, the defendant must appeal that denial to the BOP's "Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a). If the Regional Director denies a defendant's administrative appeal, the defendant must appeal again to the BOP's "General Counsel within 30 calendar days of the date the Regional Director signed." *Id.* "Appeal to the General Counsel is the final administrative appeal." *Id.* When the final administrative appeal is resolved, a defendant has "fully exhausted all administrative rights." *See* 18 U.S.C. § 3582(c)(1)(A).

|   |   |
|---|---|
| | U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that – |
| (i) | extraordinary and compelling reasons warrant such a reduction; or |
| (ii) | the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); |

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i) and (ii).

The policy statement with respect to compassionate release in the U.S. Sentencing Guidelines sets out criteria and circumstances describing "extraordinary and compelling reasons." U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13;[2] *see also United States v. Gonzalez*, 451 F. Supp. 3d 1194, 1197 (E.D. Wash. 2020) (noting that courts "universally" rely on U.S.S.G. § 1B1.13 to define "extraordinary and compelling reasons," even though that policy statement was issued before Congress passed the FSA and authorized defendants to file compassionate release motions). However, the Ninth Circuit has held "that the current version of U.S.S.G. §1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). "In other words, the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." *Id.* The Ninth Circuit clarified that "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.* (citing *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)).

In the past, when moving for relief under 18 U.S.C. § 3582(c), courts recognized that the defendant bore the initial burden of demonstrating that a sentence reduction was warranted. *See*

---

[2] The Sentencing Guidelines also require that, to be granted a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), the defendant must not pose "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2).

3

*United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998). Although the Ninth Circuit has not specifically addressed the question of which party bears the burden in the context of a motion for compassionate brought pursuant to § 3582(c) as amended by the FSA, district courts have agreed that the burden remains with the defendant. *See, e.g.*, *See United States v. Becerra*, No. 18-0080, 2021 WL 53542, at *3 (E.D. Cal. Feb. 12, 2021); *United States v. Greenhut*, No. 2:18-cr-00048-CAS, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020); *United States v. Van Sickle*, No. 18-cr-0250-JLR, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020).

## ANALYSIS

To evaluate a request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), a court must consider three requirements:

> First, as a threshold matter, the statute requires defendants to exhaust administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Second, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction" and "that such reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id.* Third, the district court must also consider "the factors set forth in Section 3553(a) to the extent that they are applicable." *Id.*

*United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019); *see also United States v. Ramirez-Suarez*, 16-CR-00124-LHK-4, 2020 WL 3869181, at *2 (N.D. Cal. July 9, 2020); *United States v. Parker*, 461 F. Supp. 3d 966, 970 (C.D. Cal. 2020); *United States v. Trent*, No. 16-cr-00178-CRB-1, 2020 WL 1812242, at *2 (N.D. Cal. Apr. 9, 2020) (noting that as to the third factor, under 18 U.S.C. § 3582(c)(1)(A) release must be "consistent with" the sentencing factors set forth in §3553(a)).

**A.     Administrative Exhaustion**

Guerrero submitted a request for compassionate release to the Warden on August 17, 2020. (Doc. 311 at 6.) The Warden denied this request on September 21, 2020. (*Id*. at 15.) The government concedes that defendant has satisfied the exhaustion requirement. (Doc. 328 at 5.) Therefore, the Court will address the merits of Guerrero's motion.

**B.     Extraordinary and Compelling Reasons**

A defendant's medical condition may warrant compassionate release where he or she "is

4

suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)," though "[a] specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required." U.S.S.G. § 1B1.13, cmt. n.1 (A)(i). Non-exhaustive examples of terminal illnesses that may warrant a compassionate release "include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia." *Id.* In addition to terminal illnesses, a defendant's debilitating physical or mental condition may warrant compassionate release, including when:

> The defendant is
>
> (I)   suffering from a serious physical or medical condition,
>
> (II)  suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* at cmt. n.1 (A)(ii).

When a defendant has moderate medical issues that otherwise might not be sufficient to warrant compassionate release under ordinary circumstances, some courts have concluded that the risks posed by COVID-19 tip the scale in favor of release. *See, e.g.*, *United States v. Rodriguez*, 451 F. Supp. 3d 392, 405–06 (E.D. Pa. 2020) ("Without the COVID-19 pandemic— an undeniably extraordinary event—Mr. Rodriguez's health problems, proximity to his release date, and rehabilitation would not present extraordinary and compelling reasons to reduce his sentence. But taken together, they warrant reducing his sentence."). COVID-19 may constitute an extraordinary and compelling circumstance where defendants demonstrate that (1) their health conditions put them at an increased risk of severe COVID-19 and (2) they are at risk of infection because their facility is currently suffering from a COVID-19 outbreak or is at risk of an outbreak because, for example, it is a congregate living facility in which inmates and staff cannot consistently maintain safe physical distances. *See, e.g.*, *United States v. Terraciano*, 492 F. Supp. 3d 1082, 1085–86 (E.D. Cal. 2020); *United States v. Smith*, 538 F. Supp. 3d 990 (E.D. Cal. 2021)

Compassionate release may also be warranted based on a defendant's age and other related factors. In these situations, "extraordinary and compelling reasons" exist where a "defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13, cmt. n.1(B).[3] The Court notes that Guerrero is 65 years of age and has served at least 10 years of his sentence; however, he has not demonstrated that his medical condition is sufficiently serious to justify compassionate release.

BOP records indicate that Guerrero has been diagnosed with essential (primary) hypertension and hyperlipidemia. (Doc. 332 at 1.) The records also indicate that Guerrero is receiving medication for these conditions. (*Id.*) Guerrero argues that these conditions, in addition to his age, put him at an increased risk of severe COVID-19 that warrants his compassionate release. (Docs. 311 at 2; 338 at 2–3.)[4] Guerrero offers little factual support for his argument. Though Guerrero claims that the government "discounts" the seriousness of his hypertension, he does not provide medical records, other data, or analysis to counter the government's portrayal of his condition. (Doc. 338 at 1–6.) Instead, Guerrero relies on case law that analyzed COVID-19 risks prior to the availability of vaccines. (Doc. 338 at 2–6) (citing *United States v. Richardson*, 2020 U.S. Dist. LEXIS 108043 (E.D. Cal. June 19, 2020); *United States v. Nieves-Lopez*, 2021 U.S. Dist. LEXIS 8667 (E.D. Cal. Jan. 15, 2021)).

Unlike the defendants in those cases, Guerrero has been vaccinated against COVID-19. (Doc. 338 at 3.) When a vaccinated defendant seeks compassionate release, he must offer evidence of an elevated personal risk of severe harm despite the protections of vaccination. *United States v. Stone*, 2022 WL 2483755, at *2 (E.D. Cal. Jul. 6, 2022) (citing *United States v.*

---

[3] In determining a defendant's projected release date, courts may take into account any "good time credits" awarded to the defendant by BOP for "exemplary" behavior in prison as set forth in 18 U.S.C. § 3624(b)(1). *See, e.g.*, *United States v. Burrill*, 445 F. Supp. 3d 22, 24 n.1 (N.D. Cal. 2020).

[4] Guerrero also argues that the conditions at Reeves I/II Correctional Institution warrant his release and may constitute a violation of the Eighth Amendment, (*see* Doc. 311 at 5–8), but Guerrero was transferred from Reeves I/II to Giles W. Dalby Correctional Institution on February 24, 2021 and is now located at McRae CI. (Doc. No. 328-1 at 4; *see also Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited July 1, 2022).) Guerrero's arguments regarding conditions at Reeves I/II are therefore moot and will not be addressed.

*Smith*, 538 F. Supp. 3d at 993–1000.)

When defendants offer no evidence that vaccination will not protect them against severe harm from COVID-19 and do not show that the facilities where they are currently incarcerated are experiencing a surge in infections caused by a SARS-CoV-2 variant, courts deny motions more often than not. *See*, *e.g.*, *Smith*, 538 F. Supp. 3d at *997; *United States v. Andrade*, No. 17-00180, 2022 WL 172933, at *2 (E.D. Cal. Jan. 19, 2022); *see also, e.g.*, *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); *United States v. Decano*, No. 21-10099, 2021 WL 4922348 (9th Cir. Oct. 21, 2021) (unpublished) (affirming denial of compassionate release to fully vaccinated defendant).

Guerrero has provided no data about COVID-19 transmission or risk in his current facility, and he fails to offer argument as to why his essential hypertension puts him at high risk of COVID-19 complications despite his vaccinated status. Notably, the CDC differentiates pulmonary hypertension from general hypertension, noting that the latter condition only "may" cause increased risk. *See Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 11, 2022). More importantly, Guerrero suggests that he contracted COVID-19 prior to his vaccination and does not report any complications caused by his underlying conditions. (Doc. 311 at 5.) On this record, the Court cannot conclude that Guerrero has established extraordinary and compelling reasons warranting his release.

**C.    Consistency with the § 3553(a) Factors**

Because the pending motion fails to establish extraordinary and compelling reasons justifying compassionate release, the Court need not address whether any reduction in Guerrero's sentence would be consistent with consideration of the sentencing factors set forth at 18 U.S.C. § 3553(a).

/////

# CONCLUSION

Accordingly,

1. Defendant Guerrero's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), filed March 4, 2021 (Doc. 311), is **DENIED**.

IT IS SO ORDERED.

Dated:   **July 11, 2022**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE